IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROGER VON EVANS,

    Petitioner,

v.                                          CASE NO. 4:11-cv-00445-MP-WCS

UNITED STATES SECRET SERVICE, et al.,

    Respondents.

_____/

## **REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 10, Motion to Dismiss by United States Secret Service ("USSS"). Petitioner, a state inmate at the Florida State Prison in Raiford, Florida, brought this action in state court in Leon County, Florida, seeking a Petition for Writ of Mandamus against the United States Secret Service, the State Attorney's Office for Duval County, and the Public Defender's Officer for Duval County. The USSS filed a notice of removal, pursuant to 28 U.S.C. § 1442(a)(1) based on Petitioner's suing an agency of the United States. The USSS now moves the Court for dismissal pursuant to, *inter alia*, Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction. The USSS argues that the Court lacks subject-matter jurisdiction insofar as the USSS is concerned because its jurisdiction is derivative of the state court's jurisdiction in this instance, and the state court does not have jurisdiction to issue a writ of mandamus to a federal agency. The Petitioner responded with a motion to dismiss the USSS as a party to the complaint. Docs. 16 and 18.

In a matter removed from state court pursuant to 28 U.S.C. § 1442, the Federal Court's jurisdiction is derivative of the state court's jurisdiction. *See Castorino v. Astrue*,

2011 WL 679854, 1 (S.D. Fla. 2011).  Accordingly, in such a case, where "a state court lacks jurisdiction over a matter, then [the] federal court to which the action is removed must dismiss the Complaint."  *Id.* (citing *Neurological Associates v. Blue Cross/Blue Shield of Florida*, 632 F. Supp. 1078, 1081 (S.D. Fla. 1986)).  This is true even where "the federal court would have had jurisdiction if the case had originally been filed in federal court."  *Id.*

In the instant case, Petitioner filed a Petition for Writ of Mandamus against the USSS, a federal agency, in state court.  Doc. 1, Ex. A.  State courts, however, do not have jurisdiction to issue a writ of mandamus to a federal agency.  *Ohio ex rel. Griffin v. Smith*, 2007 WL 1114252, 1 (S.D. Ohio 2007)(citing *M'Clung v. Silliman*, 19 U.S. 598, 603 (1821) and *Ex parte Shockley*, 17 F. 2d 133, 137 (N.D. Ohio 1926).  Accordingly, because the state court lacked jurisdiction to issue mandamus relief, and this Court's jurisdiction is derivative under these circumstances, this Court lacks jurisdiction as well.

Accordingly, for the foregoing reasons, it is **RECOMMENDED**:

1. Respondent's motion to dismiss, Doc. 10, should be GRANTED.

2. The United States Secret Service should be DISMISSED as a party to the complaint.

3. This matter should be REMANDED back to the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida for all further proceedings.

**IN CHAMBERS** this 8th day of November, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*Case No: 1:96-cr-00020-MP-AK-4*